Morgan, J.
The accused was convicted of the murder of his own daughter, and the verdict being guilty “ without capital punishment,” was sentenced to imprisonment for life.
In the court of the first instance he moved for a continuance, on the ground that he could not procure the testimony of the captain of the steamer Louisiana, and other witnesses, by whom he expected to prove that, on the voyage across the ocean, he had been vigilant in attempting to prevent improper intimacy between his daughter and several male passengers; that his daughter’s honor was “a fixed and controlling idea in his mind;” that during a long period of the passage he was a prey to this gloomy idea, and frequently spoke about it, saying that he preferred to see her dead than leading a life of disgrace and prostitution.
*376 If the witnesses had been present, and had testified as the appellant says they would, it would not have constituted a defense. The judge did not err in refusing the continuance.
The next objection he urges is that the juror, Schwartz, was not a good juror.
On his voir dire he stated that “ from what he had read in the newspapers about this ease, at the time of the occurrence, he had formed an opinion and has that opinion still; that it would require evidence to remove that opinion; that he does not consider weak evidence as evidence, but strong evidence he considers evidence.” In reply to questions propounded to him by the judge, he says that “ the opinion he refers to as having been formed at the time of the occurrence was not an opinion, but an impression, which impression would readily and easily yield to evidence (strong evidence, mind), and that he could go into the jury box and render a verdict according to the evidence in the case, regardless of the impression referred to by him.” The juror was not disqualified. State vs. Boyer, 14 An. 462; 23 An. 148.
We do not find that the charge of the judge was erroneous. Neither do we think that there was any error or informality in the manner in which the indictment was found or returned to the court; nor was there anything defective in the manner of sentencing the accused. The record shows that having been brought into court, and “ having nothing to offer in arrest of judgment,” he was sentenced. This sufficiently shows that he was asked if he had anything to say why sentence should not be pronounced against him.
The objection that he was not present when the motion for a new trial was made and overruled is not tenable. It was not necessary that he should be present on those occasions.
Judgment affirmed.
Rehearing refused.